O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 31 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATRINA M. (BLACK) POWELL,

          Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of Social Security,

          Defendant.

Case No. CV 09-0026 RNB

ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

The Court now rules as follows with respect to the two disputed issues listed in the Amended Joint Stipulation ("AJS").[1]

If the only issue before the Court was whether the Administrative Law Judge ("ALJ") properly considered plaintiff's subjective complaints and properly assessed her credibility (i.e., Disputed Issue No. 2), the Court would be compelled to affirm the Commissioner's decision for the reasons stated by the Commissioner (see AJS at 19-

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

22).

However, the Court concurs with several of plaintiff's contentions with respect to Disputed Issue No. 1. First, the Court concurs with plaintiff that the ALJ did not follow the proper standards in rejecting the opinion of plaintiff's treating physician, Dr. Ahmed, that plaintiff's functional limitations due to her multiple physical and mental impairments rendered her incapable of engaging in gainful employment. (See, e.g., AR 292, 295-96, 297, 376). It is well established in this Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, a treating physician's opinion is controverted by the opinions of other physicians of record, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record.") Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Here, the ALJ's sole stated reason for rejecting Dr. Ahmed's opinion was that the record was devoid of the diagnostic criteria necessary to support a fibromyalgia diagnosis. (See AR 411). To the extent that the Commissioner has proffered other reasons for why the ALJ did not err in rejecting Dr. Ahmed's opinion, the Court is unable to consider those reasons. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir.

1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). Moreover, to the extent that the ALJ believed that Dr. Ahmed's treatment notes were insufficient to support the fibromyalgia diagnosis because they contained "no notation of any fibromyalgia diagnostic criteria," the ALJ should have inquired further of Dr. Ahmed concerning the basis for his diagnosis. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel).

Second, the Court concurs with plaintiff that the ALJ mischaracterized the evidence of record when the ALJ cited Dr. Ahmed's April 1, 2008 examination report in support of his adverse credibility determination. Contrary to the ALJ's characterization, there is no indication in the examination report that plaintiff "denied fatigue and any symptoms of fibromyalgia." Dr. Ahmed's report evidences that plaintiff still was suffering from fibromyalgia, fatigue, and depression. (See AR 467-69).[2]

Third, the Court concurs with plaintiff that the ALJ failed to comply with the Court's remand order (which incorporated the stipulation of the parties) when he failed to further address plaintiff's mental impairment. The Court notes that the ALJ justified this failure by mischaracterizing both the Court's remand order and the Appeals Council's remand order as not disagreeing with his handling of plaintiff's mental impairments in his previous decision. (See AR 412, 456-57). The Commissioner's contentions regarding plaintiff's depression (see AJS at 14-16) are simply nonresponsive to this point.

---

[2] Despite this mischaracterization, it remains the Court's view that the ALJ did state sufficiently specific reasons that were supported by the substantial evidence of record for the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's subjective testimony.

3

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.

On the other hand, weighing in favor of a remand for the payment of benefits here is the fact that this case already was remanded once and that another remand to afford the ALJ the opportunity to do what he should have done the first time the case was remanded will further delay the receipt of benefits. The Court also is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman

4

v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[3]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED: July 31, 2009

*/s/ Robert N. Block*
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

[4] It is not the Court's intent to limit the scope of the remand.